BLD-204                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1371
_____

VINCENT GLAZEWSKI,
Appellant

v.

JON CORZINE, Governor; GEORGE HAYMAN, Commissioner
of Corrections; JAMES F. BARBO, Director of Operations;
LYDELL SHERRER, Administrator Northern State Prison;
ANGEL SANTIAGO, SR., Associate Administrator;
ERIC STOKES, Assistant Superintendent; DEAN YATAURO,
Chief of Custody; RANDY CICALE, Special Investigation
Division; PETER HARVEY, Attorney General; JOSEPH L. TRAPP,
Administrator of Investigations; STEVEN LA PENTA,
State Investigator Prison Complaints; PAUL DUNN,
First Shift Lieutenant; CHARLES SIMPKINS, Second Shift
Lieutenant; FRANKIE JAMES, First Shift Housing Sergeant;
JOHN CHANDA, Second Shift Housing Sergeant; GARY COOK,
Corrections Officers; BEN GAMBLE, Corrections Officer;
CHARLES JACKSON, Corrections Officer; ZAKIA TWEEDY,
Corrections Officer; ERIC WINGO, Corrections Officer;
REGINALD FRAZIER, Corrections Officer; KEITH DAVIS,
Corrections Officer; ERIC WILLIAMS, Corrections Officer;
NORWOOD THOMPSON, Corrections Officer; TIMOTHY FATE,
Corrections Officer; WENDELL SMITH, Food Service Supervisor;
MAHMOUD ELDEKKI, Food Service Assistant Supervisor;
CHRISTINE F. BARTOLOMEI, Administrative Analyst II;
C. IFFEL, Department Manager Correction Medical Services;
JOHN HOCHBERG, M.D., Correctional Medical Services;
JOHN GODINSKY, M.D., Correctional Medical Services;
NARSIMHA REDDY, M.D., Correctional Medical Services;
NIRANJANA SHAH, M.D., Correctional Medical Services;
JOEL BUCHHOLTZ, P.A., Correctional Medical Services;
KAREN MCBRIART, Quality Assurance; SCOTT ORLANSKI,

Health Services Administrator; BUSCAR, Supervisor of Nurses
Correctional Medical Services; DR. RALPH WOODWARD,
Department of Corrections; MS. MCNALLY, Unknown Title
Northern State Prison; ALBERT LEWIS, Corrections Officer;
UNKNOWN GILLARD, Corrections Officer; UNKNOWN REYNOLDS,
Corrections Officer; UNKNOWN  MCGEETCHEN, Corrections
Officer; UNKNOWN FLUSK, Corrections Officer; UNKNOWN
JOHNSON, Corrections Officer; UNKNOWN RAYFORD,
Corrections Officer; UNKNOWN ANDERSON, First Shift Sergeant;
UNKNOWN HEARTLAND, Corrections Officer; UNKNOWN COPELAND,
Corrections Officer; UNKNOWN  INSTITUTIONAL TRADE INSTRUCTOR,
First Shift; UNKNOWN EMANUEL, First Shift Lieutenant; UNKNOWN
BLICKY, First Shift Center Keeper Captain; UNKNOWN MCLOED,
Second Shift Sergeant; UNKNOWN COOPER, Corrections Officer;
UNKNOWN HICKS-HOLLOWAY, Corrections Officer; C. CURTIS,
Corrections Officer; UNKNOWN HARMON, Corrections Officer;
UNKNOWN PROPERTY OFFICER,  First Shift Corrections Officer;
1 THROUGH 100 JOHN DOES, Being Fictitious Names;
1 THROUGH 100 JANE ROES, Being Fictitious Names

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-06-cv-04107)
District Judge:  Honorable Katharine S. Hayden

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 20, 2010

Before:  RENDELL, CHAGARES and VANASKIE, Circuit Judges

(Filed: July 1, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

Vincent Glazewski, a New Jersey state inmate, appeals pro se from the District Court's grant of defendants' motions for summary judgment. Because Glazewski's appeal presents no substantial question, we will summarily affirm.

I.

In August 2006, Glazewski filed a civil rights action pursuant to 42 U.S.C. § 1983 for alleged violations of the Eighth and Fourteenth Amendments while he was housed at Northern State Prison (NSP). Glazewski filed an amended complaint in November 2007 to add additional defendants, including NSP officials and prison medical service providers.

Glazewski alleged that the medical treatment he received for chronic myelogenous leukemia ("CML") amounted to a violation of his Eighth Amendment rights. He also argued that he was deprived of his prescribed medical diet. In addition, Glazewski alleged that the following conditions of confinement at NSP were unconstitutional: (1) subjected to second hand smoke by being housed in cells with smokers; (2) placed in a top bunk despite medical restrictions to a bottom bunk assignment; (3) not protected from two gang-related assaults by other inmates; (4) forced to live in unclean conditions without the appropriate amount of cleaning supplies; and (5) wrongly deprived of property while housed at NSP.

Defendants separately filed two motions for summary judgment, one on behalf of

the "state defendants" and the other as "medical defendants." The District Court granted these motions and dismissed Glazewski's lawsuit. With respect to the state defendants, the court found that Glazewski admitted that he received medical care and treatment, and adduced no evidence showing that the state defendants knew of any mistreatment. Glazewski also could not show that these defendants directly or intentionally interfered with, or were deliberately indifferent to, his receipt of his medical diet. With respect to the medical defendants, the District Court cited the record's extensive documentation of Glazewski's medical treatment, medications, consultations, evaluations, and blood tests to find that Glazewski failed to establish deliberate indifference. The District Court also concluded that Glazewski had not shown that the state defendants knew of and disregarded a serious risk of physical harm by other inmates. Finally, the court found that Glazewski failed to sustain any of his claims for inhumane conditions of confinement or property claims. As such, the court dismissed all claims against all defendants.

Glazewski filed a timely appeal. We have jurisdiction under 28 U.S.C. § 1291. We will summarily affirm if Glazewski's appeal presents no substantial question. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6. We note that Glazewski includes new claims in his motion filed in support of his appeal. To the extent that he seeks to expand the scope of his § 1983 action filed in the District Court, we will not consider these new claims for the first time on appeal.

We exercise plenary review over the District Court's order granting the motion for

4

summary judgment. See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006). Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To overcome a motion for summary judgment, the non-moving party must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

## II.

To show that his medical care amounted to a violation under the Eighth Amendment, Glazewski must demonstrate "(1) that the defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Glazewski must provide an evidentiary basis for concluding that prison officials had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference requires that prison officials know of an excessive risk to an inmate's health or safety and affirmatively disregard that risk. Id. at 837-38.

At the outset, we note that Glazewski fails to demonstrate that defendants acted with deliberate indifference. Rather, it appears that Glazewski disagrees with the course and manner of his treatment, which does not state a constitutional violation. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Summary judgment was also proper because

5

Glazewski failed to provide evidence that would show a genuine issue at trial. Fed. R. Civ. P. 56(e). For example, in support of his appeal, he disputes the dates on which he received medication and blood work, arguing that it was often delayed, but conceding that he received treatment. In addition, he fails to show that prison officials acted with a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834.

It is clear from the record that Glazewski received extensive medical care after he was diagnosed with leukemia in 2002. With respect to the state defendants, Glazewski failed to show that these defendants knew of any mistreatment while he was under the care of the prison's medical professionals. His claim against the medical defendants is also baseless, as his medical records indicate that he received diagnostic tests, was prescribed medication, and received numerous oncology and bone marrow transplant consultations and evaluations. Throughout the course of his care, Glazewski also refused treatment. Yet, even with these refusals, Glazewski still received at least 43 blood tests from December 2003 to September 2008 and 14 consultations from January 2004 through August 2008. Accordingly, he cannot show deliberate indifference to his medical needs.

In addition, the crux of Glazewski's claim – that defendants did not provide his prescription in the tablet form that he wanted – is without merit. Beginning on March 19, 2004, Glazewski refused his monthly dosage of Gleevac for 50 days because he argued that an oncologist ordered the medication in four doses of 100 mg tablet form, and not

6

400 mg tablets.[1]  However, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation.  Spruill, 372 F.3d at 235.  Glazewski also provides no proof that an oncologist prescribed how he should receive his dosage, and the record indicates that after June 2004, Glazewski's doctors interchangeably prescribed each type of dosage, both of which Glazewski accepted.  Glazewski, however, contends that he is no longer in remission and appears to attribute his condition to inadequate medical care.  The record indicates that Glazewski admitted that he has never been told that he is no longer in remission by any doctor and he does not provide evidence to the contrary.  Accordingly, his claim fails.

With respect to his medical diet, Glazewski filed numerous administrative remedy forms, and the record shows that they received written responses followed by corrective action.  As the District Court found, Glazewski did not allege that defendants were interfering with or deliberately indifferent to the provision of his meals.  Rather, the record shows that Glazewski believed that the meals were stolen by other inmates or not prepared.  Glazewski has not pointed to any evidence in the record that would support a reasonable inference that any named defendant directly disrupted, or was deliberately indifferent to, his receipt of meals.  On the contrary, the evidence shows that prison officials promptly attempted to remedy any instance of a missing meal, foreclosing a

---

[1] Even if true, Glazewski has not established that the provision of one 400 milligram Gleevac pill as opposed to four 100 milligram pills indicates that defendants acted with any culpable state or mind or deliberate indifference.

7

finding of a culpable state of mind.  Therefore, summary judgment was proper.

## III.

Glazewski's claim that the state defendants failed to protect him from assault by other inmates fails.  The Eighth Amendment imposes "a duty on prison officials to take reasonable measures to protect prisoners from violence at the hands of other prisoners." Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997) (citations and internal quotations omitted).  To establish a failure to protect claim, an inmate must demonstrate that: (1) he is "incarcerated under conditions posing a substantial risk of serious harm;" and (2) the prison official acted with "deliberate indifference" to his health and safety.  Farmer, 511 U.S. at 834.  "[T]he official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001).

In his complaint, Glazewski concedes that he did not report one physical assault to prison staff for fear of inmate retribution.  When he reported another assault, he was placed in Temporary Closed Custody while an investigation was pending.  Glazewski provided no evidence showing that the prison officials were aware of the threat of assault before any of the incidents occurred.  In addition, as prison officials took steps to protect him after he was attacked and the record indicates that Glazewski did not suffer subsequent attacks, summary judgment was proper.

8

IV.

Summary judgment was also properly granted regarding Glazewski's conditions of confinement claims. "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

With respect to his allegation that he was exposed to second hand smoke by being housed with smokers, Glazewski must show (1) a sufficiently serious medical need related to second hand smoke exposure; and (2) deliberate indifference by the prison authorities to that need. See Atkinson v. Taylor, 316 F.3d 257, 266 (3d Cir. 2003). Glazewski acknowledges that smoking inmates hid their smoking from officers. As the District Court found, prison officials moved Glazewski to a new cell whenever he complained. Thus, even if Glazewski sufficiently could prevail on the first prong under Atkinson, he fails to show any deliberate indifference by prison officials.

To show that prison conditions amount to an Eighth Amendment violation, a plaintiff must establish that living conditions are cruel or deprive him of the necessities of life and that the conditions exist as a result of deliberate indifference by prison officials. See Rhodes v. Chapman, 452 U.S. 337, 346-48 (1981); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). With respect to the cleanliness of the prison, the record shows that

9

Glazewski conceded that inmates are responsible to maintain the cleanliness of their cells and that supplies were distributed by staff. His complaint that he was not given sufficient cleaning supplies is insufficient to state a constitutional violation. Similarly, after he complained to prison officials for being placed on a top bunk, he was moved to a bottom bunk per his medical authorization. As Glazewski fails to show any constitutional violation, summary judgment on these claims was therefore proper.

V.

Finally, Glazewski's claim that prison officials deprived him of his property was properly dismissed because no due process violation exists if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). We have previously held that the prison's grievance program and internal review provide an adequate post-deprivation remedy to satisfy due process. Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000); Revell v. Port Auth., 598 F.3d 128, 138-39 (3d Cir. 2010) (discussing New Jersey's post-deprivation remedy procedures). Glazewski has provided no basis for concluding otherwise in his case.

VI.

As no substantial question is presented in this appeal, we summarily affirm the District Court's decision.